And in *Skolfield* v. *Robertson*,

*Exceptions overruled.*

---

## WILLIAM J. ROBERTS *vs.* BOSTON AND MAINE RAILROAD.

### York.    Opinion January 10, 1896.

*New Trial.    Railroad.    Defective Car.    Negligence.    Verdict.    Jury.*

The plaintiff, while in the performance of his duty as brakeman, descended from the top of a box-car over the end next to the tender, with face towards the car, and tried to pull the coupling pin, with his feet on the lower round of the ladder, and his right hand on the second or third round, but the pin would not come out, either on account of a crook in it, or the strain upon it; he took hold of it and turning it half way round.pulled it out and laid it down upon the dead wood; the engine had begun to move toward the siding and was in motion when he pulled the pin. He swung round in a position to go up the ladder and while in a sitting posture, was caught and jammed against the car by the tender, and his hip was dislocated. *Held*; that the evidence was so preponderating in favor of the defendant, not only in respect to the soundness of the car, but also in respect to the reasonable performance of duty on the part of the defendant in furnishing reasonably safe and proper appliances, that the jury were not justified in rendering a verdict for the plaintiff.

See *Roberts* v. *B. & M. R. R.* 83 Maine, 289.

ON MOTION AND EXCEPTIONS.

Upon the new trial granted in this case, see *Roberts* v. *B. & M. R. R.* 83 Maine, 289, the plaintiff recovered a second verdict for $4863.78 ; and the defendant moved for a new trial and filed exceptions to the exclusion of evidence and the refusal of the presiding justice to order a nonsuit. The pleadings and arguments of counsel appear with a statement of the facts in the former report of the case.

*Hampden Fairfield, William F. Russell and Luther R. Moore,* for plaintiff.

*George C. Yeaton,* for defendant.

SITTING : WALTON, EMERY, FOSTER, HASKELL, WHITEHOUSE, WISWELL, JJ.

FOSTER, J. The plaintiff claims damages for bodily injuries received while employed as brakeman by the defendant corporation, in unshackling a freight box-car from the tender of a locomotive while the car was being pushed or "kicked" backward upon a siding, at Pine Point Station, whereby he was caught and jammed between the tender and box-car, and his hip dislocated.

The ground upon which the plaintiff seeks to recover against the defendant company is on account of an alleged defective draw-bar, in that the springs "were weak, insufficient and useless," and because the "dead-wood was worn, insufficient and useless," and because of such defects the draw-bar was pushed in by the engine, in "kicking" the car, further than it would have been if it had not been defective.

The plaintiff says that he descended from the top of the car over the end next to the tender, with face towards the car, and tried to pull the coupling-pin, with his feet on the lower round of the ladder, and his right hand on the second or third round, but the pin would not come out either on account of a crook in it, or such a strain upon it ; that he took hold of it and turning it half-way round, then pulled it out and laid it down on the dead wood ; and that the engine had begun to move toward the

siding and was in motion when he pulled the pin ; that he swung round in a position to go up the ladder, and while in a sitting posture he was caught and jammed against the car by the tender, and his hip dislocated.

This case has been tried once before resulting in a verdict for the plaintiff, which verdict this court set aside. *Roberts v. B. & M. R. R.* 83 Maine, 298.

The second trial likewise resulted in another verdict for the plaintiff.

We have given this case very careful consideration, and while there appears to be some evidence on behalf of the plaintiff additional to that in the former trial, we feel satisfied that this verdict ought not to stand. In fact, the reasons were so fully stated in the opinion of this court why the former verdict should be set aside, that it is unnecessary to reiterate them in this connection as they apply with equal force now as then, notwithstanding the additional evidence. True, there is some additional evidence, but even with that it is so overwhelmingly in favor of the defendant, not only in respect to the soundness of the car, but also in respect to the reasonable performance of duty on the part of the defendant in furnishing reasonably safe and proper appliances, that it seems as if the jury must have been influenced by some improper motive, bias, or prejudice in rendering a verdict in favor of the plaintiff.

A new trial must therefore be granted.

        *Motion sustained.*   *New trial granted.*